# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

SCOTT WOOD,

        Petitioner,      :    Case No. 2:23-cv-3275

- vs -                          District Judge Michael H. Watson
                                     Magistrate Judge Michael R. Merz

WARDEN, Noble Correctional
  Institution,

                                           :
        Respondent.

## DECISION AND ORDER TO SHOW CAUSE

       This habeas corpus case was brought *pro se* by Petitioner Scott Wood pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Perry County Court of Common Pleas on eleven drug-related felonies. The case is before the Court on Petitioner's Notice/Request For A Complete State Record And Request For Stay (ECF No. 17). The substance of the Notice/Request is for the Court to expand the State Court Record (ECF No. 15) as filed by Respondent with numerous other documents which appear on the docket of the Perry County Court of Common Pleas but which have not been filed here.

       The Magistrate Judge reference in this case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in this District. Upon initial review of the pleadings, the undersigned finds Respondent has raised a procedural default defense to all of Petitioner's claims, to wit, that Petitioner did not complete a state court review of his claims by failing to complete his appeal to the Supreme Court of Ohio. If that is correct, it would completely

1

bar a merits review of Petitioner's claim in this Court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

If Petitioner has adequate excusing cause and prejudice to overcome this procedural default, the bulk of his claims arise under the Fourth Amendment. The Court would be precluded from considering Fourth Amendment claims if Petitioner has received a full and fair hearing on these claims in the Ohio courts. *Stone v. Powell*, 428 U.S. 465 (1976). Petitioner insists that he has not and apparently relies on at least some of the additional sought documents to prove this point. But there is no need to sort through those documents if Petitioner cannot overcome the procedural default.

Accordingly, Petitioner's Notice/Request is DENIED without prejudice to its renewal after the Court determines the procedural default question. Petitioner is ORDERED to show cause not later than October 15, 2024, why his Petition should not be dismissed as procedurally defaulted.

September 30, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge
