# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

SCOTT WOOD,

               Petitioner,         :    Case No. 2:23-cv-3275

   - vs -                    District Judge Michael H. Watson
                                    Magistrate Judge Michael R. Merz

WARDEN, Noble Correctional
   Institution,

                                   :

               Respondent.

---

# DECISION AND ORDER ON MOTION FOR RECONSIDERATION;
# NOTICE OF STATUS OF THE CASE

---

This habeas corpus case, brought *pro se* by Petitioner Scott Wood, is before the Court on Wood's Petitioner's Objection to Decision and Order and Request for Reconsideration (ECF No. 26).

An objection to a Magistrate Judge's decision of a non-dispositive pretrial order is directed to the assigned District Judge, Judge Michael H. Watson.  With respect to the effect of the Decision and Order pending Judge Watson's decision, S. D. Ohio Civ. R. 72.3 provides:

> **Effect of Magistrate Judge Ruling Pending Appeal to a District Judge**
>
> When an objection is filed to a Magistrate Judge's ruling on a non-case dispositive motion, the ruling remains in full force and effect unless and until it is (1) stayed by the Magistrate Judge or a District Judge, or (2) overruled by a District Judge.

(S.D. Ohio Local Rules, available on the internet at https://www.ohsd.uscourts.gov/).    The

Magistrate Judge expressly declines to stay the Decision and Order pending appeal.

A request for reconsideration is directed to the judge who made the ruling on which reconsideration is sought.  Courts disfavor motions for reconsideration because they consume a court's scarce time for attention to a matter that has already been decided.  They are subject to limitations based on that disfavor.

> As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd  Cir. 1985), cert. denied, 476 U.S. 1171, 90 L. Ed. 2d 982 (1986).

*Meekison v. Ohio Dep't of Rehabilitation & Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998)(Marbley, J.).  Nevertheless, the undersigned has reconsidered his denial of Petitioner's motion to expand the record to include the full state court record and finds no manifest error of law or intervening authority.  The denial of the Motion to Expand will stand unless Judge Watson reverses it.

The status of the case is this:  Petitioner's reply is due to be filed October 31, 2024 (ECF No. 23).  No extension of that deadline will be made on the basis of Petitioner's claim that he needs the full record filed.

October 29, 2024.

s/ <em>Michael R. Merz</em><br>United States Magistrate Judge