# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION AT COLUMBUS

SCOTT WOOD,

Petitioner, : Case No. 2:23-cv-3275

- vs -

District Judge Michael H. Watson
Magistrate Judge Michael R. Merz

WARDEN, Noble Correctional Institution,

:

Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Scott Wood under 28 U.S.C. § 2254 to obtain relief from his convictions in the Common Pleas Court of Perry County on multiple drug-related felony counts, including for offenses committed while released on bail in this case, and his consequent sentence to fifty to fifty-five years imprisonment. The case is ripe for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 15) and Respondent's Return of Writ (ECF No. 16).

In ordering an answer in the case, Magistrate Judge Karen Litkovitz set a reply deadline of twenty-one days after the answer was filed (Order, ECF No. 6, PageID 15). Because the Answer/Return of Writ was filed April 24, 2024, Petitioner's deadline for filing a reply was fixed at May 15, 2024. Instead of filing a reply, Petitioner filed a motion seeking production of an additional forty-three items from the state court and a stay of these proceedings pending that

production (ECF No. 17). Respondent opposed the motion (ECF No. 18) and Petitioner filed a reply in support (ECF No. 19).

Before that motion could be reached for decision, the Magistrate Judge reference in the case was transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 20). On October 1, 2024, the undersigned denied the request for the complete state record pending a decision on Respondent's procedural default defense and ordered Petitioner to show cause why that defense was not well taken (ECF No. 21). In his response, Wood does not address the procedural default defense directly. Instead he again insists he needs all the records that were before the state court and that he has made a Sixth Amendment claim as well as a Fourth Amendment claim (ECF No. 22). Considering that filing, the undersigned again denied the request to file the complete State Court Record and *sua sponte* extended Wood's time to file a reply to October 31, 2024 (ECF No. 23).

That extension of time has now expired and Wood has failed to file a reply. The case is therefore ripe for decision without a reply.

**Litigation History**

Wood was indicted by the Perry County Grand Jury on the basis of seizures made at his home on May 11, 2021. *State v. Wood*, 2022-Ohio-3536 ¶¶ 2-3 (Ohio App. 5th Dist. Sept. 30, 2022). Released on bail, he was again arrested and charged with drug offenses arising out of execution of a second search warrant at his home on May 24, 2021. *Id.* at ¶ 5. After a hearing on December 15, 2021, the trial court denied all the motions to suppress which had been filed both by counsel and by Wood *pro se*. *Id.* at ¶ 19. At a jury trial in January, 2022, Wood rested without presenting any evidence and the jury convicted him as charged. *Id.* at ¶¶ 21-22.

Wood appealed to the Ohio Fifth District Court of Appeals raising the following assignments of error:

> 1. The trial court erred and deprived appellant of due process of law as guaranteed by the Fourteenth Amendment to the United States constitution and article one section ten of the ohio constitution by finding him guilty of aggravated trafficking in drugs; aggravated possession of drugs; trafficking in fentanyl-related compound; possession of fentanyl related compound; and money laundering as those verdicts were not supported by sufficient evidence and were also against the manifest weight of the evidence.
>
> 2. The trial court erred to the prejudice of the appellant by imposing additional prison terms for being a major drug offender.
>
> 3. The trial court erred to the prejudice of appellant by overruling his motion to suppress evidence.
>
> 4. The trial court sentenced appellant to indefinite terms of incarceration pursuant to a statutory scheme that violates appellant's constitutional right to due process of law as guaranteed by the United States and Ohio Constitutions.

(Exhibit 23, Appellant's Brief). The Fifth District reversed and remanded on Assignment Two and otherwise affirmed the conviction. *State v. Wood, supra.* Wood was then re-sentenced to 44 years to 49.5 years. He failed to timely appeal to the Ohio Supreme Court, but his motion for delayed appeal was granted April 11, 2023, with a deadline of thirty days to file a memorandum in support of jurisdiction (State Court Record, ECF No. 15, Ex. 29, *State v. Wood,* 169 Ohio St.3d 1488, (April 11, 2023)). When Wood failed to file within that time, the Ohio Supreme Court dismissed his appeal for want of prosecution. *State v. Wood,* 170 Ohio St.3d 1426 (May 17, 2023). A later motion for delayed appeal was also denied. *State v. Wood,* 170 Ohio St.3d 1491. (July 18, 2023).

Wood filed his Petition in this Court by placing it in the prison mailing system on October 2, 2023. He pleads the following grounds for relief:

> **Ground One**: Whether Ohio courts erred to Wood's prejudice when they ignored evidence that demonstrates he has been deprived of his

constitutional right to Due Process of Law as guaranteed by the Fourteenth Amendment of the United States Constitution, his right to be free of illegal search and seizure in violation of the Fourth Amendment of the United States Constitution, and by Article One Section Ten of the Ohio Constitution by finding him guilty of aggravated trafficking in drugs, aggravated possession of drugs; trafficking in drugs; possession of drugs; trafficking in fentanyl-related compound; possession of fentanyl related compound; and money laundering as those verdicts were not supported by sufficient evidence and were also against the manifest weight of the evidence.

**Supporting Facts:**

A) Wood has consistently made federal constitutional claims during state proceedings.
B) The State courts ignored evidence that demonstrates Wood's federal constitutional claims.
C) It was known by individuals acting on the government's behalf, that the search warrant used to search Wood's residence was signed by a police officer and that everything obtained as a result of this search warrant was "fruit of the poisonous tree".
D) The search warrant was facially deficient and as a result, there was no probable cause to justify searching Wood's property and residence.

**Ground Two:** Whether Ohio courts erred to Wood's prejudice when they ignored evidence that demonstrates the trial court erred to the prejudice of the appellant by imposing additional prison terms for being a major drug offender in violation of appellant's constitutional right to Due Process of Law as guaranteed by the Fourteenth Amendment and Eighth Amendment of the United States Constitution and under the Ohio Constitution.

**Supporting Facts:**

A) Wood has consistently made federal constitutional claims during state proceedings.

B) The State never disputed Wood's claim during state proceedings and agreed with the claim.

C) The State courts remedied the sentence but failed to address the due process violation.

D) The sentence rendered by the trial court exceeded statute as required by law, rendering the sentence unconstitutional and resulting in cruel and unusual punishment.

> **Ground Three:** Whether Ohio courts erred to Wood's prejudice when they ignored evidence that demonstrates the trial court erred to the prejudice of appellant by overruling his motion to suppress evidence in violation appellant's constitutional right to Due Process of Law as guaranteed by the Fourteenth Amendment and the Fourth of the United States Constitution and the Ohio Constitution.
>
> **Supporting Facts:**
>
> A) Wood has consistently made federal constitutional claims during state proceedings.
>
> B) The State courts ignored evidence that demonstrates Wood's claims on his motion to suppress the illegally obtained evidence and failed to address the merits of his federal constitutional claims.
>
> C) The State court ignored that the search warrant was invalid and illegally signed by a police officer and not by the magistrate judge as required by law.
>
> D) The State court allowed falsehoods to be presented to the jury, tainting the proceedings.
>
> E) The appellate court abused its discretion when it made addition of a controlled buy to the record that never took place, was not found in the affidavit for the warrant, was never presented in an argument during the suppression hearing, and was not presented by the State as an argument to the appellate court; in essence this controlled buy was fabricated by the appellate court.
>
> F) The search warrant was facially deficient without the fabricated controlled buy.

(Petition, ECF No. 1, PageID 4-6).

## Analysis

Respondent asserts Wood has procedurally defaulted all of his claims by his failure to file a memorandum in support of jurisdiction in the Ohio Supreme Court, thereby depriving that court of an opportunity to review the case on the merits (Return of Writ, ECF No. 16, PageID 803).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which

> a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 582 U.S. 521, 527 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 582 U.S. 521, 527(2017)).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Before coming to federal court in habeas corpus, a defendant must exhaust one complete round of state appeals. Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted).

Ohio has a relevant procedural rule: to obtain Ohio Supreme Court review, one must appeal within forty-five days of final judgment in the court of appeals. The forty-five day time limit on appeal to Ohio Supreme Court prescribed by S. Ct. Prac. R. 7.01(A)(1)(a)(i) is an adequate and independent state ground of decision. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004)(citations omitted). Wood did not timely appeal to the Ohio Supreme Court within forty-five days of final judgment, but the Court was willing to forgive that failure on condition that he file the required memorandum in support of jurisdiction within thirty days. He did not do so and the court enforced that requirement. *State v. Wood,* 170 Ohio St.3d 1426 (May 17, 2023). Wood has not offered any excusing cause and prejudice and all of his claims are therefore procedurally defaulted.

Respondent has also defended much of the Petition on the grounds that it raises Fourth Amendment claims which this Court cannot hear on the merits because of *Stone v. Powell*, 428 U.S. 465 (1976). Petitioner vigorously disagrees. However, it is not in the interest of judicial economy to attempt to resolve those issues when Petitioner cannot overcome – indeed, has not attempted to

overcome – his procedural default in presenting his case to the Ohio courts.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 12, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #