# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

SCOTT WOOD,

        Petitioner,  :  Case No. 2:23-cv-3275

- vs -      District Judge Michael H. Watson
    Magistrate Judge Michael R. Merz

WARDEN, Noble Correctional
  Institution,

        Respondent.  :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Scott Wood under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 29) to the Magistrate Judge's Report and Recommendations recommending that the Petition be dismissed with prejudice as barred by Wood's procedurally default in presenting his case to the Ohio Supreme Court (the "Report," ECF No. 28).

When first ordering the State to answer the Petition, Chief Magistrate Judge Karen Litkovitz set a deadline for Wood to file a reply in this case of twenty-one days after Respondent filed the answer (Order of December 20, 2023, ECF No. 6, PageID 15).  The Answer/Return of Writ was filed April 24, 2024, raising Respondent's procedural default claim (ECF No. 16).  That made Wood's reply due May 15, 2024, but Wood instead filed what he captioned as a "Request for the Complete State Record" and for a Stay until that had been furnished (ECF No. 17).  He made it clear that these forty-three additional documents or classes of documents he sought were

1

not exclusive, but should include everything needed for this Court to decide this case *de novo*. *Id.* at PageID 823.

That Request remained pending when the Magistrate Judge reference in this case was transferred to the undersigned at the end of September, 2024. In the meantime Wood never filed a reply nor sought an extension of time to do so. On October 1, 2024, the undersigned noted the procedural default defense and ordered Wood to show cause why the case should not be decided on that basis (ECF No. 21). Instead of offering proof of some excusing cause for his default, Wood wrote at length about his alleged fundamental right to the documents he was demanding be added to the record (ECF No. 22). In response, the undersigned denied the Request to expand the record and *sua sponte* extended Wood's time to file a reply to October 31, 2024 (ECF No. 23). When Wood again failed to file a reply, the undersigned filed the Report.

The Objections spend more than ten pages arguing that Wood did not get a full and fair opportunity to litigate his Fourth Amendment claims in the state courts and accusing state officers of serious misconduct, including forging a judge's signature on a search warrant and planting evidence. The full and fair opportunity question is not presently before the Court. No analysis of that doctrine is made in the Report, so Wood has nothing on that topic to object to. Likewise the Report offers no comment on the alleged police misconduct, despite Wood's assertion that that is what the case is all about.

It is only thirteen pages into the Objections that Wood states his purported excuse for not filing a memorandum in support of jurisdiction in the Ohio Supreme Court. He writes: "I attempted to file with the Supreme Court of Ohio in a timely manner. I attempted to file in a delayed manner." (ECF No. 29, PageID 899). As evidence he points to his Notice of Appeal (State Court Record, ECF No. 15, PageID 231 which bears four date stamps of the Clerk of the

Ohio Supreme Court, one each on November 17, 2022, and January 20, 2023, and two on February 10, 2023). Although it was under no compulsion to do so, the Ohio Supreme Court on April 11, 2023, granted Wood the privilege of filing a delayed appeal on condition that he file his memorandum in support of jurisdiction within thirty days, or by May 11, 2023 (Entry, State Court Record, ECF No. 15, Ex. 29). When he failed to do so, the court dismissed the appeal. *Id.* at Ex. 30. Wood acknowledges he knew that was the deadline (Objections, ECF No. 29, PageID 901).

Wood did not file by the May 11, 2023, deadline. He asked the Ohio Supreme Court to accept his late filing on the same basis he explains here, but the court declined to do so and dismissed his appeal (Entry State Court Record, ECF No. 15, Ex. 33).

Applying the governing Sixth Circuit precedent, *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), the Report concluded

> Ohio has a relevant procedural rule: to obtain Ohio Supreme Court review, one must appeal within forty-five days of final judgment in the court of appeals. The forty-five day time limit on appeal to Ohio Supreme Court prescribed by S. Ct. Prac. R. 7.01(A)(1)(a)(i) is an adequate and independent state ground of decision. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004)(citations omitted). Wood did not timely appeal to the Ohio Supreme Court within forty-five days of final judgment, but the Court was willing to forgive that failure on condition that he file the required memorandum in support of jurisdiction within thirty days. He did not do so and the court enforced that requirement. *State v. Wood,* 170 Ohio St.3d 1426 (May 17, 2023). Wood has not offered any excusing cause and prejudice and all of his claims are therefore procedurally defaulted.

(ECF No. 28, PageID 885).

Excusing cause for a procedural default must be something external to the petitioner, something that cannot fairly be attributed to him; it must be some objective factor external to the defense. *Hartman v. Bagley,* 492 F.3d 347, 358 (6th Cir. 2007); *Murray v. Carrier*, 477 U.S. 478 (1986). Wood has offered no excusing cause external to himself as to why he did not file his

Notice of Appeal by the date it was due, November 14, 2022, the forty-fifth day after the appellate judgment. His excuse for not meeting the May 11, 2023, deadline is that he did not initially have sufficient money for postage, but that is not cause external to the defense. The final claimed cause is that the prison of officials did not mail his Memorandum. That cause is external to the defense, but it occurred in a context (the COVID 19 pandemic) where problems with mail to and from prisons where had become commonplace and his deposit in the prison mailing system was timed in accordance with his own expectation of how long it would take for mail from Belmont County to reach Columbus. He offers no corroborative evidence that this was a shared expectation in the prison community or whether it was usually met by the Postal Service.

The federal courts operate on the prison mailbox rule: a filing sent to a federal court is deemed filed on the date it is deposited in the prison mailing system. *Houston v. Lack*, 487 U.S. 266 (1988). State courts are not bound to follow that rule. *Maples v. Stegall*, 340 F.3d 433 (6th Cir. 2003); *Adams v. LeMaster,* 223 F.3d 1177, 1183 (10th Cir. 2000). Ohio has refused to adopt the mailbox rule. *State, ex rel Tyler, v. Alexander*, 52 Ohio St. 3d 84 (1990)(noting that *Houston* is not a constitutional decision and finding its logic unpersuasive).

The Sixth Circuit has repeatedly held that the Ohio Supreme Court's forty-five days deadline for a Notice of Appeal[1] is an adequate and independent state ground of decision. See *Bonilla, supra*. The Ohio Supreme Court could constitutionally have enforced that deadline against Wood when he failed to meet it. Instead, it permitted a delayed appeal, but on a condition: filing a memorandum in support of jurisdiction within a month. Wood did not meet that deadline. If this Court accepted his excuses, it would be essentially saying the Ohio Supreme Court was

---

[1] Note that a notice of appeal is a simple one-page document requiring no legal research to compose.

4

bound to accept them also if it wanted a fair opportunity to evaluate Wood's constitutional claims. That should not be done.

**Conclusion**

Having reconsidered the case in light of Wood's Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 9, 2024.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.